Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DOYLE,<br><br>  *Plaintiff*,<br><br>v.<br><br>SOUTHWEST AIRLINES, INC.,<br><br>  *Defendant*. | Civil Action No. 17-11767<br>(JMV) (MF)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Plaintiff Robert Doyle seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction and for failure to identify an adequate class representative.[1]

  Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

  When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review

---

[1] Although this is a putative class action, and although Plaintiff indicates that he is an attorney, the caption did not reflect that this matter is a proposed class action. The caption here reflects the caption in the Complaint.

the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). A complaint is frivolous "if it lacks an arguable basis either in law or in fact." *Okpor v. Sedgwick CMS*, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (internal quotation marks omitted). Further, when considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, when a plaintiff proceeds *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants who are attorneys, however, "are not accorded the same consideration as *pro se* litigants who lack substantial legal training." *Turner v. N.J. State Police*, 2017 U.S. Dist. LEXIS 48036, at *19, 20 (D.N.J. Mar. 29, 2017) (citing *Kenny v. United States*, 2009 U.S. Dist. LEXIS 8322, at *22 (D.N.J. Feb. 5, 2009) (explaining that "although the Court is generally compelled to construe a complaint liberally in matters involving *pro se* litigants," an attorney *pro se* litigant's complaint will not be so construed as the litigant "has substantial legal training and professional experience")); *see also Allen v. Aytch*, 535 F.2d 817, 821 (3d Cir. 1976) (declining to construe the complaint of a third year law student liberally because the student

had "substantial legal training"). Instead, because an attorney *pro se* litigant "would be held to the standard of an attorney" in representing others, "it is not unfair to hold [the litigant] to the same standard when representing himself." *Turner*, 2017 U.S. Dist. LEXIS 48036, at *20. Accordingly, Plaintiff, who is "an attorney licensed to practice law in the State of New York," D.E. 1, hereinafter "Complaint" or "Compl." at ¶ 6, will not be accorded the leniency that a *pro se* litigant who lacks "substantial legal training" receives.

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (internal quotation marks omitted). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 454 (D.N.J. July 24, 2007), or when there is diversity of citizenship. A court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. Nov. 5, 2015) (internal quotation marks omitted).

To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Complete diversity is lacking if a plaintiff and any defendant are citizens of the same state. *Id.* Further, a plaintiff must "specifically allege each party's citizenship," and the Court may dismiss a complaint for lack of jurisdiction "where the

plaintiff fails to allege sufficient facts for the court to evaluate whether diversity of citizenship exists." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. Mar. 20, 2012).

In a case involving a class action, however, the Class Action Fairness Action of 2005 ("CAFA") governs diversity jurisdiction. CAFA eliminates § 1332(a)'s "complete diversity" requirement and, pursuant to 28 U.S.C. § 1332(d)(2), provides that a federal court has jurisdiction in a class action "when three requirements are met: (1) an amount in controversy that exceeds $5,000,000; (2) minimally diverse parties; and (3) a class consisting of at least 100 or more members." *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 601–02 (D.N.J. Mar. 14, 2016) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013)). Thus, there is a "minimal diversity" requirement for class actions that is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

## I. Factual Background

Plaintiff's Complaint asserts three causes of action against Defendant Southwest Airlines, Inc. ("Southwest" or "Defendant"). Compl. at ¶¶ 58–70. Plaintiff, "an attorney licensed to practice law in the State of New York," alleges that on October 31, 2013, he purchased a round-trip ticket to Long Island, New York on Southwest's website. *Id.* at ¶ 10. Plaintiff was scheduled to depart from Fort Lauderdale, Florida on November 19, 2013, and to return on December 16, 2013. However, Plaintiff failed to check-in for his departing flight and did not inform Southwest in advance. *Id.* at ¶¶ 10, 15–17. At the time of purchase, Plaintiff "was a member of Southwest's frequent flyer program" and regularly purchased airline tickets from Southwest. *Id.* at ¶¶ 12, 25. Plaintiff alleges that he has missed numerous Southwest flights in the past and that his "failure to check in" served as an "adequate means of informing Southwest of [his] intention not to board

4

said flights." *Id.* at ¶ 17. Further, Southwest has allowed Plaintiff to credit the purchase price of his unused tickets toward future travel notwithstanding a lack of express notice. *Id.*

Plaintiff contends that, on November 20, 2013, he sought to apply the value of his unused ticket toward a subsequent ticket purchase through Southwest, but Southwest's website did not permit him to do so. *Id.* at ¶ 19. During a phone conversation, a Southwest employee informed Plaintiff that the company recently instituted a new policy governing missed flights. *Id.* at ¶ 20. The new policy provided that a customer who misses a flight must "inform Southwest . . . ten minutes prior to the departure time of that flight." *Id.* at ¶ 20. A failure to inform Southwest within the established timeframe results in a complete forfeiture of the value of the missed flight as well as any related flights, meaning flights reserved under the "same confirmation" number. *Id.* at ¶ 22, 23. Accordingly, the Southwest employee informed Plaintiff that, upon missing his flight without express notice to Southwest, Plaintiff forfeited the cost of his November 19 departing flight as well as the cost of his December 16 returning flight and, thus, could not credit the price of those tickets toward future travel. *Id.* at ¶ 22.

Plaintiff alleges that Southwest never informed him or "anyone else" of the new policy "even though [Plaintiff] was a member of Southwest's frequent flyer program and received many emails from Southwest." *Id.* at ¶ 24, 25. Plaintiff became aware of the new policy only during his phone conversation with the Southwest employee. *Id.* at ¶ 24. Plaintiff contends that Southwest's failure to inform its customers of the new policy rendered the policy ineffective as against him, specifically at the time he purchased his tickets. *Id.* at ¶ 26. Plaintiff further adds that the lack of notice engendered "many complaints [from customers] about the new policy," requiring Southwest to "institute a new department just to deal with all [of] the complaints." *Id.* at ¶ 27. Currently, Southwest provides a notice on its desktop website about the ten-minute policy, however, its

5

mobile website does not provide any notice. *Id.* at ¶ 28. Plaintiff contends that Southwest placed the notice on its desktop website "some years" after October 31, 2013, the date he purchased the tickets for the November 19 and December 16 flights. *Id.* at ¶ 28.

## II. Discussion

Plaintiff's Complaint alleges three causes of action against Southwest: Count I – Breach of Contract, Count II – Unjust Enrichment, and Count III – Fraud in the Inducement. *Id.* at ¶¶ 58–70. All counts are state law claims, and are alleged on an individual and class basis.

### a. Plaintiff's Individual Claims

Count I alleges that Southwest breached its contract with Plaintiff when it prohibited him from crediting the dollar value of his unused flights toward future travel. *Id.* at ¶ 59. Next, Count II states that Southwest's new ten-minute policy resulted in a "confiscation" of the value of Plaintiff's tickets that unjustly enriched Southwest. *Id.* at ¶ 61. More specifically, by requiring Plaintiff to forfeit the value of his missed flight as well as his return flight, Plaintiff contends that the new policy caused an "improper windfall" to Southwest. *Id.* at ¶ 66. Plaintiff adds, however, that this windfall would not have occurred had he purchased his return flight under a "separate confirmation number[]." *Id.* at ¶ 62–64. Finally, Count III asserts that Southwest's "material [and] fraudulent misrepresentation" regarding its new policy induced Plaintiff "to assent to the terms of" his contract with Southwest for the relevant flights. *Id.* at ¶ 68. Plaintiff adds that Southwest's actions were "malicious, fraudulent, and reckless" and "committed with wanton disregard" of Plaintiff's rights. *Id.* at ¶ 70.

As noted, all counts are state-law claims and, thus, do not "arise[] under the Constitution, laws, or treaties of the United States" as is required to establish federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff has not established on the face of his Complaint that "federal law

6

create[s] the cause of action or that the [P]laintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC*, 143 F. Supp. 3d at 202. Accordingly, the Court has no basis on which to exercise federal question jurisdiction pursuant to § 1331. *See Mackay v. Keenan Mercedes Benz*, 340 Fed. App'x 127, 128 (3d Cir. 2009) (affirming dismissal in part because the "complaint presented no federal question jurisdiction").

The Complaint also fails to establish diversity jurisdiction pursuant to § 1332(a). Plaintiff alleges that he is "a resident of Morris County, New Jersey" and lived in "Broward County, Florida, during the rise of his particular causes of action." Compl. at ¶ 5. Plaintiff adds that Southwest "is a retail airline company incorporated under the laws of, and headquartered in[,] the State of Texas." *Id.* at ¶ 7. Plaintiff, therefore, establishes complete diversity between the parties; however, he fails to allege an amount in controversy exceeding $75,000.[2] The Court must look at the Complaint at the time it was filed to determine the amount in controversy. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). "In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d. Cir. 2016). Further, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Id.*

While Plaintiff seeks compensatory damages, he does not specify the amount of damages incurred as a result of Southwest's new policy, including the value of his forfeited tickets. Plaintiff similarly does not allege that his individual claims satisfy the amount in controversy requirement.

---

[2] Because the Court is dismissing the class action portion of the Complaint, as is discussed below, the Court analyzes whether Plaintiff sufficiently alleges diversity jurisdiction as to his own individual claims. These claims are subject to the $75,000 threshold requirement.

7

Instead, Plaintiff's Complaint concedes that an individual's claim against Southwest is "only likely to be a few hundred dollars." Compl. at ¶ 51. Because the only conduct at issue is the forfeiture of Plaintiff's round-trip ticket, it is highly unlikely that Plaintiff's claims satisfy the $75,000 amount in controversy requirement. Moreover, because Plaintiff has not alleged an amount in controversy, he has not claimed a good-faith sum that this Court may accept as controlling. Accordingly, there is no basis for diversity jurisdiction pursuant to § 1332.

Finally, Plaintiff also alleges supplemental jurisdiction as a basis of jurisdiction; however, the Court cannot exercise such jurisdiction because the claims in this action do not fall within the Court's original jurisdiction. *See* 8 U.S.C. 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Therefore, Plaintiff's individual claims are dismissed for lack of subject-matter jurisdiction.

### b. Plaintiff's Class Claims

Plaintiff's Complaint raises identical breach of contract, unjust enrichment, and fraud in the inducement claims on behalf of a class of unidentified plaintiffs. Compl. at ¶ 29–57. Plaintiff alleges that the members of this class were similarly harmed by Southwest insofar as they were required to forfeit the value of their unused tickets for failing to notify Southwest in accordance with its new policy. *Id.* at ¶ 30, 34. He adds that there may also be a "sub-class" of plaintiffs who suffered a similar harm after purchasing tickets on Southwest's mobile website (rather than on Southwest's desktop website). *Id.* at ¶ 30. Accordingly, Plaintiff seeks "damages and injunctive relief for recovery of economic injury on behalf of the [c]lass." *Id.* at ¶ 35. Plaintiff concedes that he "does not know the number of members [in] the class[,] but believes the number of [] members to be in the tens or hundreds of thousands" and "the aggregate amount of their claims [to] exceed[]

$5,000,000." *Id.* at ¶ 32, 57. He therefore contends that the Court should certify the class so as "to assist in the expeditious litigation of this matter." *Id.* at ¶ 33.

As discussed, the counts raised in Plaintiff's Complaint are state-law claims and, thus, do not "arise[] under the Constitution, laws, or treaties of the United States" as is required to establish federal question jurisdiction, no matter that they are raised on a class basis. 28 U.S.C. § 1331. Further, although Plaintiff's individual claims lack diversity jurisdiction under § 1332(a), as noted above, CAFA eliminates § 1332(a)'s "complete diversity" requirement and instead provides that a federal court has "'original jurisdiction' in a class action suit when three requirements are met: (1) an amount in controversy that exceeds $5,000,000; (2) minimally diverse parties; and (3) a class consisting of at least 100 or more members." *Id.* at 602 (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Thus, there is a "minimal diversity" requirement for class action suits that is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." § 1332(d)(2)(A). Further, the amount in controversy is not calculated on an individual basis, but is instead determined by aggregating "the claims of the individual class members." § 1332(d)(1)(D). Here, Plaintiff has alleged sufficient facts to establish minimal diversity pursuant to § 1332(d)(2)(A). Plaintiff provides that he is "a resident of Morris County, New Jersey," Compl. at ¶ 5, and that Defendant Southwest "is a retail airline company incorporated under the laws of, and headquartered in[,] the State of Texas." *Id.* at ¶ 7. Accordingly, Plaintiff and Southwest's diversity of citizenship is sufficient to satisfy § 1332(d)(2)(A)'s minimal diversity requirement.

Additionally, Plaintiff contends that the cumulative amount of the individual class members' claims exceeds $5,000,000. *Id.* at ¶ 57. "[T]he claims of the individual class members shall be aggregated" in a class action "to determine whether the matter in controversy exceeds the

sum or value of $ 5,000,000 . . . ." § 1332(d)(6). The amount in controversy alleged in a plaintiff's complaint "is accepted if made in good faith," *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014), and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, Plaintiff alleges that the individual class members' claims exceed $5,000,000 in the aggregate, but he does not specify the value of his and other class members' forfeited tickets. Plaintiff's Complaint instead concedes that individual claims against Southwest are "only likely to be a few hundred dollars." *Id.* at ¶ 51. Accordingly, the amount of damages incurred by the class and its sufficiency, in the aggregate, to satisfy CAFA's amount in controversy requirement is speculative. Still, the Court cannot conclude with legal certainty that the class cannot meet the jurisdictional threshold, and will accept the good-faith allegation made in the Plaintiff's Complaint. *See Rossi v. P&G*, 2012 U.S. Dist. LEXIS 96015, at *12 (D.N.J. July 10, 2012) (taking "the allegations of the putative class action Complaint as true" because "the parties . . . had very limited ability to develop an evidentiary record"). Finally, Plaintiff alleges that he "does not know the number of members [in] the class[,] but believes the number of . . . members to be in the tens or hundreds of thousands." *Id.* at ¶ 32. Given the nature of the alleged injury, it not unreasonable to conclude that at least 100 individuals were injured by Southwest's new policy. Therefore, Plaintiff also satisfies the third and final jurisdictional requirement.

In addition to establishing jurisdiction, a plaintiff who wishes to serve as the representative of a putative class of individuals must receive class certification. *See* Fed. R. Civ. P. 23(a). There are four prerequisites to obtaining class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the defenses or claims of the class;

and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* The party seeking class certification has "[t]he burden of 'establish[ing] that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met." *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994). Moreover, Courts are required to engage in a "rigorous analysis" to ensure that the prerequisites to class certification are satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). Admittedly, this matter is not at the class certification stage, but the Court reviews the requirements to determine whether the Complaint sufficiently pleads the elements at this stage.

As a threshold matter, the Court will only assess whether Plaintiff can adequately represent and protect the interests of the class pursuant to Rule 23(a)(4) because the Court determines the issue to be dispositive. In determining the adequacy of representation, "courts consider the adequacy of both the named representative and class counsel." *Szczubelek v. Cendant Mortg. Corp.*, 215 F.R.D. 107, 119 (D.N.J. Mar. 31, 2003). A court must find that the plaintiff "has the ability and incentive to represent the claims of the class vigorously," that the plaintiff retained counsel that is "qualified, experienced, and generally able to conduct the proposed litigation," and that the plaintiff's interests are not "antagonistic to those of the class." *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d. Cir. 2001). Ultimately, the adequate representation requirement principally "seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004); *see also Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012) (explaining that the "linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class").

Furthermore, a class representative need only possess "a minimal degree of knowledge necessary to meet the adequacy standard." *Szczubelek*, 215 F.R.D. at 119. As mentioned, however, the class representative's adequacy is entwined with that of the class counsel for purposes of determining adequate representation of the class. *See In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010). Typically, the class counsel "must be qualified, experienced, and generally able to conduct proposed litigation," but courts have not established a definite standard "for what constitutes sufficient legal expertise." *Szczubelek*, 215 F.R.D. at 120; *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992). Accordingly, several courts have relied on Rule 23(g)'s list of factors for assessing "counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).[3] These factors include: (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Ultimately, the goal of the Court is to ultimately confirm that class counsel can "handle" the representation. *See New Directions Treatment Servs*, 490 F.3d at 313.

Moreover, "courts have found that *pro se* plaintiffs generally cannot represent and protect the interests of the class fairly and adequately" and, thus, *pro se* plaintiffs are not considered ideal class representatives. *Awala v. N.J. Dep't of Corr.*, 2005 U.S. Dist. LEXIS 18426, at *2 (D.N.J. Aug. 23, 2005) (citing *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. Sept. 30, 1992), *aff'd*, 995

---

[3] Questions concerning the adequacy of class counsel were historically analyzed "under the aegis of the adequate representation requirement of Rule 23(a)(4) . . . [however] those questions have, since 2003, been governed by Rule 23(g)." *Drennan v. PNC Bank, NA (In re Comty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.)*, 622 F.3d 275, 292 (3d Cir. 2010) (quoting *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010)).

F.2d 216 (3d Cir. 1993)). More specifically, a "*pro se* plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)," as they lack formal legal training. *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. Dec. 4, 1996) (quoting *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. Aug. 29, 1988)); *see also Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. July 22, 1992) (denying class certification to *pro se* plaintiffs without sufficient legal education). Here, Plaintiff is proceeding *pro se* and seeks to represent the putative class. Compl. at ¶ 44. Plaintiff alleges that he "will fairly and adequately represent and protect the interests of the [c]lass" and that he "has no interests antagonistic to any member of the [c]lass." *Id.* He further alleges that he is "an attorney licensed to practice law in the State of New York," *Id.* at ¶ 6, and that he "will retain counsel experienced in handling class action and contract claims." *Id.* at ¶ 49.

The Court finds, however, that Plaintiff is not qualified to fairly and adequately represent the interests of the putative class. While Plaintiff indicates that he is an attorney and therefore likely possesses the minimal requisite knowledge to serve as class representative, his status as a *pro se* plaintiff renders him a less than ideal candidate. In addition, Plaintiff does not indicate that he personally has any experience in acting as counsel in class action matters. Furthermore, a class representative's adequacy is inextricably linked with the adequacy of the counsel he or she has retained to represent the class. *See In re Cmty. Bank of N. Va.*, 622 F.3d at 292. At this time, Plaintiff has not retained class counsel and has not provided any information regarding the class counsel that he will allegedly retain, including whether such counsel is "qualified, experienced, and generally able to conduct the proposed litigation," so as to adequately represent the class. *New Directions Treatment Servs.*, 490 F.3d at 313. Moreover, while Plaintiff's interests are likely aligned with those of the rest of the class insofar as they have suffered a similar injury, that factor

alone is insufficient to support a finding of adequate representation. Critically, if Plaintiff is not able to retain qualified counsel, then he does not appear to have the financial wherewithal to represent the class as he is proceeding *in forma pauperis*. Accordingly, Plaintiff is not able to satisfy Rule 23(a)(4)'s requirement of adequate representation and, therefore, has not established that class certification is warranted. For the foregoing reasons, the Plaintiff's class claims are dismissed without prejudice.

When dismissing a cause of action brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice, thereby affording a plaintiff leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). A dismissal with prejudice means that Plaintiff is precluded from amending the Complaint and filing any future suit against Defendant concerning the allegations in the Complaint. The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

Nevertheless, at this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall dismiss Plaintiff's Complaint without prejudice, and provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

**IT IS** on this 1st day of March, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by certified mail, return receipt requested.

John Michael Vazquez, U.S.D.J.